

# UNITED STATES DEPARTMENT OF EDUCATION
## STUDENT FINANCIAL ASSISTANCE
### CASE MANAGEMENT & OVERSIGHT

# PROGRAM PARTICIPATION AGREEMENT
## [PROVISIONAL APPROVAL]

| | |
|---|---|
| Effective Date of Approval: | The date on which this Agreement is signed on behalf of the Secretary of Education |
| Approval Expiration Date: | **June 30, 2005** |
| Reapplication Date: | **March 31, 2005** |
| Name of Institution: | **Si Tanka/Huron University** |
| Address of Institution: | **435 North Elm Street** |
| | **Eagle Butte, SD 57625-0000** |

| | |
|---|---|
| OPE ID Number: | **03019200** |
| DUNS Number: | **119384063** |
| Taxpayer Identification Number (TIN): | **430351565** |

> **The execution of this Agreement by the Institution and the Secretary is a prerequisite to the Institution's initial or continued participation in any Title IV, HEA Program.**

The postsecondary educational institution listed above, referred to hereafter as the "Institution," and the United States Secretary of Education, referred to hereafter as the "Secretary," agree that the Institution may participate in those student financial assistance programs authorized by Title IV of the Higher Education Act of 1965, as amended (Title IV, HEA Programs) indicated under this Agreement and further agrees that such participation is subject to the terms and conditions set forth in this Agreement. As used in this Agreement, the term "Department" refers to the U.S. Department of Education.

## SCOPE OF COVERAGE

This Agreement applies to all locations of the Institution as stated on the most current ELIGIBILITY AND CERTIFICATION APPROVAL REPORT issued by the Department. This Agreement covers the Institution's eligibility to participate in each of the following listed Title IV, HEA programs, and incorporates by reference the regulations cited.

- **FEDERAL PELL GRANT PROGRAM,** *20 U.S.C. 1070a et seq; 34 CFR Part 690.*

- **FEDERAL FAMILY EDUCATION LOAN PROGRAM,** *20 U.S.C. 1071 et seq; 34 CFR Part 682.*

**Enclosure 1**

EXHIBIT 2

- **FEDERAL PERKINS LOAN PROGRAM,** *20 U.S.C. 1087aa et seq; 34 CFR Part 674.*

- **FEDERAL SUPPLEMENTAL EDUCATIONAL OPPORTUNITY GRANT PROGRAM,** *20 U.S.C. 1070b et seq; 34 CFR Part 676.*

- **FEDERAL WORK-STUDY PROGRAM,** *42 U.S.C. 2751 et seq; 34 CFR Part 675.*

## PROVISIONAL CERTIFICATION

This provisional certification is granted for a limited period to permit the Institution to participate in the Title IV, HEA programs referenced in this Agreement. During the period of provisional certification, the participation of the Institution will be subject to revocation for cause. Cause for revocation includes, without limitation, a failure to comply with any provision set forth in this Agreement, a violation of Department regulations deemed material by the Department, or a material misrepresentation in the material submitted to the Department as part of the Institution's application process for this certification. The Department in its sole discretion may provide the Institution with an opportunity to cure any such failure, may place the Institution on reimbursement funding pending a decision regarding revocation of this Agreement by a designated Department official, or may suspend the participation of the Institution pending a decision by the Department regarding revocation of this Agreement. In the event the Department chooses to revoke this Agreement and the Institution's participation in the Title IV, HEA programs, the Institution will have the right to show cause why this Agreement should not be revoked by presenting its objections to the designated Department official in writing. The Institution agrees that this opportunity to show cause, and not the procedures in 34 CFR 668 subpart G, shall be the sole administrative appeal regarding such revocation. The decision by the designated Department official will constitute the final agency action.

### Special Requirements for Substantial Changes Made During Term of Provisional Certification

Any institution, whether provisionally certified or generally certified, must apply for and receive approval by the Secretary of any substantial change (as hereinafter identified) before it may award, disburse or distribute Title IV, HEA funds based on the substantial change. Substantial changes generally include, but are not limited to: (a) establishment of an additional location; (b) change in ownership, merger or change of type of institution (such as conversion from proprietary to private nonprofit); (c) increase in the level of academic offering beyond those listed in the Institution's Eligibility and Certification Approval Report (ECAR); (d) addition of any nondegree or short-term training program that is not within the immediate scope of programs listed in the ECAR; (e) change in the form of educational measurement; (f) change of State authorizing agency or of primary accrediting agency; or (g) any waiver or recognition of regulatory exception.

If the Institution applies for the Secretary's approval of a substantial change, it must show good cause for making any such substantial change and, in the case of any change described in (a) through (d), the Institution must demonstrate that it has the financial and administrative resources necessary to assure the Institution's continued compliance with the standards of financial responsibility (34 CFR 668.15) and administrative capability (34 CFR 668.16).

### Reasons and Special Conditions of Provisional Certification

*Merger*

The Institution has undergone a change in ownership via merger resulting in a change in control and is granted provisional certification for a period not to exceed three complete award years in which to demonstrate that it satisfies the standards of financial stability and administrative capability.

*Late Submission of Compliance Audits*

The Institution has submitted one or more compliance audit(s) of its Title IV, HEA programs more than one year after the deadline for submission. The Institution has an affirmative duty to meet the standards of conduct required of a fiduciary, as set forth in 34 CFR 668.82. In the capacity of a fiduciary, an institution is subject to the highest standards of care and diligence in administering the Title IV, HEA programs in accounting for the funds received for those programs. The failure of the Institution to submit its audit(s) in a timely manner is evidence of lack of administrative capability under 34 CFR 668.16(a). The Institution is accountable for all audit liabilities and fines, if any, and must resolve all audit deficiencies, if any, before the expiration of this provisional certification. Any audit liabilities determined by the Department must be paid by the date specified in the letter establishing the liabilities, and paid in full prior to the expiration of this Agreement unless (a) the determinations of the audit are under appeal, or (b) alternative payment arrangements have been made with the Department's Financial Operations Division. Further, the Institution is advised that if it fails to submit an acceptable audit by the required date, during the provisional period, its provisional PPA will be revoked.

*Application for Recertification*

Upon completion of the period of provisional certification, if the Institution wishes to apply for recertification to participate in the Title IV, HEA programs, the Institution must submit a completed Application for Approval to Participate in Federal Student Financial Aid Programs (ED Form E40-34P), together with all required supporting documentation, no later than March 31, 2005.

*Grant or Denial of Full Certification*

Notwithstanding any paragraph above, the provisional certification ends upon the Department's notification to the Institution of the Department's decision to grant or deny a six year certification to participate in the Title IV, HEA programs.

# GENERAL TERMS AND CONDITIONS

1. The Institution understands and agrees that it is subject to and will comply with the program statutes and implementing regulations for institutional eligibility as set forth in 34 CFR Part 600 and for each Title IV, HEA program in which it participates, as well as the general provisions set forth in Part F and Part G of Title IV of the HEA, and the Student Assistance General Provisions regulations set forth in 34 CFR Part 668. *The recitation of any portion of the statute or regulations in this Agreement does not limit the Institution's obligation to comply with other applicable statutes and regulations.*

2. a. The Institution certifies that on the date it signs this Agreement, it has a drug abuse prevention program in operation that it has determined is accessible to any officer, employee, or student at the Institution.
   b. The Institution certifies that on the date it signs this Agreement, it is in compliance with the disclosure requirements of Section 485(f) of the HEA (Campus Security Policy and Crime Statistics).

3. The Institution agrees to comply with --
   a. Title VI of the Civil Rights Act of 1964, as amended, and the implementing regulations, 34 CFR Parts 100 and 101 (barring discrimination on the basis of race, color or national origin);
   b. Title IX of the Education Amendments of 1972 and the implementing regulations, 34 CFR Part 106 (barring discrimination on the basis of sex);
   c. The Family Rights and Privacy Act of 1974 and the implementing regulations, 34 CFR Part 99;
   d. Section 504 of the Rehabilitation Act of 1973 and the implementing regulations, 34 CFR Part 104 (barring discrimination on the basis of physical handicap); and
   e. The Age Discrimination Act of 1975 and the implementing regulations, 34 CFR Part 110.

4. The Institution acknowledges that 34 CFR Parts 602 and 667 require accrediting agencies, State regulatory bodies, and the Secretary to share information about institutions. The Institution agrees that the Secretary, any accrediting agency recognized by the Secretary, and any State regulatory body may share or report information to one another about the Institution without limitation.

5. The Institution acknowledges that the HEA prohibits the Secretary from recognizing the accreditation of any institution of higher education unless that institution agrees to submit any dispute involving the final denial, withdrawal, or termination of accreditation to initial arbitration prior to any other legal action.

## SELECTED PROVISIONS FROM
## GENERAL PROVISIONS REGULATIONS, 34 CFR PART 668

By entering into this Program Participation Agreement, the Institution agrees that:

(1) It will comply with all statutory provisions of or applicable to Title IV of the HEA, all applicable regulatory provisions prescribed under that statutory authority, and all applicable special arrangements, agreements, and limitations entered into under the authority of statutes applicable to Title IV of the HEA, including the requirement that the institution will use funds it receives under any Title IV, HEA program and any interest or other earnings thereon, solely for the purposes specified in and in accordance with that program;

(2) As a fiduciary responsible for administering Federal funds, if the institution is permitted to request funds under a Title IV, HEA program advance payment method, the institution will time its requests for funds under the program to meet the institution's immediate Title IV, HEA program needs;

(3) It will not request from or charge any student a fee for processing or handling any application, form, or data required to determine a student's eligibility for, and amount of, Title IV, HEA program assistance;

(4) It will establish and maintain such administrative and fiscal procedures and records as may be necessary to ensure proper and efficient administration of funds received from the Secretary or from students under the Title IV, HEA programs, together with assurances that the institution will provide, upon request and in a timely manner, information relating to the administrative capability and financial responsibility of the institution to—

   (i) The Secretary;

   (ii) The State [regulatory bodies] for the State or States in which the institution or any of the institution's branch campuses or other locations are located;

   (iii) A guaranty agency, as defined in 34 CFR part 682, that guarantees loans made under the Federal Stafford Loan, and Federal PLUS programs for attendance at the institution or any of the institution's branch campuses or other locations;

   (iv) The nationally recognized accrediting agency that accredits or preaccredits the institution or any of the institution's branch campuses, other locations, or educational programs;

   (v) The State agency that legally authorizes the institution and any branch campus or other location of the institution to provide postsecondary education; and

   (vi) In the case of a public postsecondary vocational educational institution that is approved by a State agency recognized for the approval of public postsecondary vocational education, that State agency;

(5) It will comply with the provisions of financial responsibility;

(6) It will comply with the provisions of §668.16 relating to standards of administrative capability;

(7) It will submit reports to the Secretary and, in the case of an institution participating in the Federal Stafford Loan, Federal PLUS, or the Federal Perkins Loan Program, to holders of loans made to the institution's students under that program at such times and containing such information as the Secretary may reasonably require to carry out the purpose of the Title IV, HEA programs;

(8) It will not provide any statement to any student or certification to any lender under the Federal Stafford Loan

or Federal PLUS Program that qualifies the student for a loan or loans in excess of the amount that the student is eligible to borrow in accordance with sections 425(a), 428(a)(2), 428(b)(1)(A) and (B), and 428H of the HEA;

(9) It will comply with the requirements of Subpart D of 34 CFR part 668 concerning institutional and financial assistance information for students and prospective students;

(10) In the case of an institution that advertises job placement rates as a means of attracting students to enroll in the institution, it will make available to prospective students, at or before the time that those students apply for enrollment-

(i) The most recent available data concerning employment statistics, graduation statistics, and any other information necessary to substantiate the truthfulness of the advertisements; and

(ii) Relevant State licensing requirements of the State in which the institution is located for any job for which an educational program offered by the institution is designed to prepare those prospective students;

(11) In the case of an institution participating in the Federal Stafford Loan, or Federal PLUS Program, the institution will inform all eligible borrowers, as defined in 34 CFR part 682, enrolled in the institution about the availability and eligibility of those borrowers for State grant assistance from the State in which the institution is located, and will inform borrowers from another State of the source for further information concerning State grant assistance from that State;

(12) It will provide the certifications described in paragraph (c) of this section;

(13) In the case of an institution whose students receive financial assistance pursuant to section 484(d) of the HEA, the institution will make available to those students a program proven successful in assisting students in obtaining the recognized equivalent of a high school diploma;

(14) It will not deny any form of Federal financial aid to any eligible student solely on the grounds that the student is participating in a program of study abroad approved for credit by the institution;

(15) In the case of an institution seeking to participate for the first time in the Federal Stafford Loan and Federal PLUS programs, the institution has included a default management plan as part of its application under §668.12 for participation in those programs and will use the plan for at least two years from the date of that application. The Secretary considers the requirements of this paragraph to be satisfied by a default management plan developed in accordance with the default reduction measures described in the June 2001 Dear Partner Letter, GEN-01-08;

(16) In the case of an institution that changes ownership that results in a change of control, or that changes its status as a main campus, branch campus, or an additional location, the institution will, to participate in the Federal Stafford Loan and Federal PLUS Programs, develop a default management plan for approval by the Secretary and implement the plan for at least two years after the change in control or status. The Secretary considers the requirements of this paragraph to be satisfied by a default management plan developed in accordance with the default reduction measures described in the June 2001 Dear Partner Letter, GEN-01-08;

(17) The Secretary, guaranty agencies and lenders as defined in 34 CFR Part 682, nationally recognized accrediting agencies, the Secretary of Veterans Affairs, State [regulatory bodies], State agencies recognized under 34 CFR part 603 for the approval of public postsecondary vocational education, and State agencies that legally authorize institutions and branch campuses or other locations of institutions to provide postsecondary education, have the authority to share with each other any information pertaining to the institution's eligibility for or participation in the Title IV, HEA programs or any information on fraud and abuse;

(18) It will not knowingly --

(i) Employ in a capacity that involves the administration of the Title IV, HEA programs or the receipt of funds under those programs, an individual who has been convicted of, or has pled *nolo contendere* or guilty to, a crime involving the acquisition, use, or expenditure of Federal, State, or local government funds, or has been administratively or judicially determined to have committed fraud or any other material violation of law involving Federal, State, or local government funds;

(ii) Contract with an institution or third-party servicer that has been terminated under section 432 of the HEA for a reason involving the acquisition, use, or expenditure of Federal, State, or local government funds, or that has been administratively or judicially determined to have committed fraud or any other material violation of law involving Federal, State, or local government funds; or

(iii) Contract with or employ any individual, agency, or organization that has been, or whose officers or employees have been--

(A) Convicted of, or pled *nolo contendere* or guilty to, a crime involving the acquisition, use, or expenditure of Federal, State, or local government funds; or

(B) Administratively or judicially determined to have committed fraud or any other material violation of law involving Federal, State, or local government funds;

(19) It will complete, in a timely manner and to the satisfaction of the Secretary, surveys conducted as a part of the Integrated Postsecondary Education Data System (IPEDS) or any other Federal collection effort, as designated by the Secretary, regarding data on postsecondary institutions;

(20) In the case of an institution that offers athletically related student aid, it will comply with the provisions of paragraph (d) of this section;

(21) It will not impose any penalty, including, but not limited to, the assessment of late fees, the denial of access to classes, libraries, or other institutional facilities, or the requirement that the student borrow additional funds for which interest or other charges are assessed, on any student because of the student's inability to meet his or her financial obligations to the institution as a result of the delayed disbursement of the proceeds of a Title IV, HEA program loan due to compliance with statutory and regulatory requirements of or applicable to the Title IV, HEA programs, or delays attributable to the institution;

(22) It will not provide, nor contract with any entity that provides, any commission, bonus, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any persons or entities engaged in any student recruiting or admission activities or in making decisions regarding the awarding of student financial assistance, except that this requirement shall not apply to the recruitment of foreign students residing in foreign countries who are not eligible to receive Federal student assistance. This provision does not apply to the giving of token gifts to students or alumni for referring students for admission to the institution as long as: the gift is not in the form of money, check, or money order; no more than one such gift is given to any student or alumnus; and the gift has a value of not more than $25;

(23) It will meet the requirements established pursuant to Part H of Title IV of the HEA by the Secretary, State [authorizing bodies], and nationally recognized accrediting agencies;

(24) It will comply with the refund provisions established in 668.22;

(25) It is liable for all improperly administered funds received or refunded under the Title IV, HEA programs, including any funds administered by a third-party servicer; and

(26) If the stated objectives of an educational program of the institution are to prepare a student for gainful employment in a recognized occupation, the institution will—

(i) Demonstrate a reasonable relationship between the length of the program and entry level requirements for the recognized occupation for which the program prepares the student. The Secretary considers the relationship to be reasonable if the number of clock hours provided in the program does not exceed by more than 50 percent the minimum number of clock hours required for training in the recognized occupation for which the program prepares the student, as established by the State in which the program is offered, if the State has established such a requirement, or as established by any Federal agency; and

(ii) Establish the need for the training for the student to obtain employment in the recognized occupation for which the program prepares the student.

(c) In order to participate in any Title IV, HEA program (other than the SSIG and NEISP programs), the institution must certify that it—

(1) Has in operation a drug abuse prevention program that the institution has determined to be accessible to any officer, employee, or student at the institution; and

(2)(i) Has established a campus security policy in accordance with section 485(f) of the HEA; and

(ii) Has complied with the disclosure requirements of §668.47 as required by section 485(f) of the HEA.

(d) In order to participate in any Title IV, HEA program (other than the SSIG and NEISP programs), an institution that offers athletically related student aid must—

(1) Cause an annual compilation, independently audited not less often than every 3 years, to be prepared within 6 months after the end of the institution's fiscal year, of—

(i) The revenues derived by the institution from the institution's intercollegiate athletics activities, according to the following categories:

(A) Total revenues.

(B) Revenues from football.

(C) Revenues from men's basketball.

(D) Revenues from women's basketball.

(E) Revenues from all other men's sports combined.

(F) Revenues from all other women's sports combined;

(ii) Expenses made by the institution for the institution's intercollegiate athletics activities, according to the following categories:

(A) Total expenses.

(B) Expenses attributable to football.

(C) Expenses attributable to men's basketball.

(D) Expenses attributable to women's basketball.

(E) Expenses attributable to all other men's sports combined.

(F) Expenses attributable to all other women's sports combined; and

(iii) The total revenues and operating expenses of the institution; and

(2) Make the compilation and, where allowable by State law, the results of the audits required by paragraph (d)(1) of this section available for inspection by the Secretary and the public.

(e) For the purposes of paragraph (d) of this section--

(1) Revenues from intercollegiate athletics activities allocable to a sport shall include without limitation gate receipts, broadcast revenues and other conference distributions, appearance guarantees and options, concessions, and advertising;

(2) Revenues such as student activities fees, alumni contributions, and investment interest income that are not allocable to a sport shall be included in the calculation of total revenues only;

(3) Expenses for intercollegiate athletics activities allocable to a sport shall include without limitation grants-in-aid, salaries, travel, equipment, and supplies; and

(4) Expenses such as general and administrative overhead that are not allocable to a sport shall be included in the calculation of total expenses only.

(f)(1) A program participation agreement becomes effective on the date that the Secretary signs the agreement.

(2) A new program participation agreement supersedes any prior program participation agreement between the Secretary and the institution.

(g)(1)(i) With respect to an institution that has been certified *other than under a provisional certification*--

(A) Except as provided in paragraphs (h) and (i) of this section, the Secretary terminates a program participation agreement through the proceedings in subpart G of this part.

(B) An institution may terminate a program participation agreement.

(C) If the Secretary or the institution terminates a program participation agreement under paragraph (g) of this section, the Secretary establishes the termination date.

(2) With respect to an institution that has been *provisionally certified*, the Secretary revokes a provisional certification through the proceedings in §668.13(d).

(h) An institution's program participation agreement automatically expires on the date that--

(1) The institution changes ownership that results in a change in control as determined by the Secretary under 34 CFR part 600; or

(2) The institution's participation ends under the provisions of §668.26(a)(1), (2), (4), or (7).

(i) An institution's program participation agreement no longer applies to or covers a location of the institution as of the date on which that location ceases to be a part of the participating institution.

## WILLIAM D. FORD FEDERAL DIRECT LOAN PROGRAM

If an institution participates in the William D. Ford Federal Direct Loan (Direct Loan) Program, the institution and its representatives shall comply with the statute, guidelines, and regulations governing the Title IV, Part D, William D. Ford Federal Direct Loan Program as required by Section 454 of Public Law 103-66.

The institution will:

1. Provide for the establishment and maintenance of a Direct Loan Program at the Institution that will:

> Identify eligible students who seek student financial assistance in accordance with Section 484 of the Higher Education Act of 1965, as amended (the HEA).
>
> Estimate the need of students as required under Title IV, Part F of the HEA.
>
> Provide a certification statement of eligibility for students to receive loans that will not exceed the annual or aggregate limits, except the Institution may exercise its authority, under exceptional circumstances identified by the Secretary, to refuse to certify a statement that permits a student to receive a loan, or certify a loan amount that is less than the student's determination of need, if the reason for such action is documented and provided in written form to a student.
>
> Establish a schedule for disbursement of loan proceeds to meet the requirements of Section 428G of the HEA.
>
> Provide timely and accurate information to the Secretary concerning 1) the status of borrowers while students are in attendance, any new information pertaining to the status of student borrowers of which the Institution becomes aware after the student leaves the Institution, and 2) the utilization of Federal funds under Part D at such times and in such manner as prescribed by the Secretary.

2. Comply with requirements established by the Secretary relating to student loan information with respect to the Direct Loan Program.

3. Provide that students at the Institution and their parents (with respect to such students) will be eligible to participate in the programs under Title IV, Part B of the HEA, Federal Family Education Loan programs, at the discretion of the Secretary for the period during which such Institution participates in the Direct Loan Program, except that a student or parent may not receive loans under both Part B and Part D of the HEA for the same period of enrollment.

4. Provide for the implementation of a quality assurance system, as established by the Secretary and developed in consultation with Institutions of higher education, to ensure that the Institution is complying with program requirements and meeting program objectives.

5. Provide that the Institution will not charge any fees of any kind, regardless of how they are described, to student or parent borrowers for loan application, or origination activities (if applicable), or the provision and processing of any information necessary for a student or parent to receive a loan under Part D of the HEA.

6. Provide that the Institution will originate loans to eligible students and parents in accordance with the requirements of Part D of the HEA and use funds advanced to it solely for that purpose (Option 2 only).

7. Provide that the note or evidence of obligation of the loan shall be the property of the Secretary (Options 2 and 1 only).

8. Implement such other provisions as the Secretary determines are necessary to protect the interest of the United States and to promote the purposes of Part D of the HEA.

9. Accept responsibility and financial liability stemming from its failure to perform its functions under this Program Participation Agreement.

The Institution's continued approval to participate in the Direct Loan Program will be based on the Department of Education's review and approval of the Institution's future applications for recertification to continue participating in the federal student aid programs.

## CERTIFICATIONS REQUIRED FROM INSTITUTIONS

The Institution should refer to the regulations cited below. Signature on this Agreement provides for compliance with certification requirements under 34 CFR Part 82, "New Restrictions on Lobbying", and 34 CFR Part 85, "Government-wide Debarment and Suspension (Nonprocurement) and Government-wide Requirement for Drug-Free Workplace (Grants)." Breach of any of these certificates constitutes a breach of this Agreement.

## PART 1 CERTIFICATION REGARDING LOBBYING; DEBARMENT, SUSPENSION AND OTHER RESPONSIBILITY MATTERS; AND DRUG-FREE WORKPLACE REQUIREMENTS

### 1. Lobbying

As required by Section 1352, Title 31 of the U.S. Code, and implemented at 34 CFR Part 82, for persons entering into a grant or cooperative agreement over $100,000, as defined at 34 CFR Part 82, Sections 82.105, and 82.110, the Institution certifies that:

(a) No Federal appropriated funds have been paid or will be paid, by or on behalf of the undersigned, to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the making of any Federal grant, the entering into of any cooperative agreement, and the extension, continuation, renewal, amendment, or modification of any Federal grant or cooperative agreement;

(b) If any funds other than Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with this Federal Grant or cooperative agreement, the Institution shall complete and submit Standard Form - LLL, "Disclosure Form to Report Lobbying," in accordance with all subrecipients shall certify and disclose accordingly.

(c) The Institution shall require that the language of this certification be included in the award documents for all subawards at all tiers (including subgrants, contracts under grants and cooperative agreements, and subcontracts) and that all subrecipients shall certify and disclose accordingly.

### 2. Debarment, Suspension, and Other Responsibility Matters

As required by Executive Order 12549, Debarment and Suspension, and implemented at 34 CFR Part 85, for prospective participants in primary covered transactions as defined at 34 CFR Part 85, Sections 85.105 and 85.110, the Institution certifies that it and its principals:

(a) Are not presently debarred, suspended, proposed for debarment, declared ineligible, or voluntarily excluded from covered transactions by any Federal department or agency;

(b) Have not within a three-year period preceding this application been convicted of or had a civil judgment rendered against them for commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, State, or local) transaction or contract under a public transaction; violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, or receiving stolen property.

(c) Are not presently indicted for or otherwise criminally or civilly charged by a governmental entity (Federal, State, or local) with commission of any of the offenses enumerated in paragraph (1)(b) of this certification; and

(d) Have not within a three-year period preceding this application had one or more public transactions (Federal, State, or local) terminated for cause or default.

### *3. Drug-Free Workplace (Grantees Other Than Individuals)*

As required by the Drug-Free Workplace Act of 1988, and implemented at 34 CFR Part 85, Subpart F, for grantees, as defined at 34 CFR Part 85, Sections 85.605, and 85.610 -

The Institution certifies that it will or will continue to provide a drug-free workplace by:
(a) Publishing a statement notifying employees that the unlawful manufacture, distribution, dispensing, possession, or use of a controlled substance is prohibited in the grantee's workplace and specifying the actions that will be taken against employees for violation of such prohibition;
(b) Establishing an on-going drug-free awareness program to inform employees about--
   (1) The dangers of drug abuse in the workplace;
   (2) The Institution's policy of maintaining a drug-free workplace;
   (3) Any available drug counseling, rehabilitation, and employee assistance programs; and
   (4) The penalties that may be imposed upon employees for drug abuse violations occurring in the workplace;
(c) Making it a requirement that each employee to be engaged in the performance of the grant be given a copy of the statement required by paragraph (a);
(d) Notifying the employee in the statement required by paragraph (a) that, as a condition of employment under the grant, the employee will -
   (1) Abide by the terms of the statement, and
   (2) Notify the employer in writing of his or her conviction for a violation of a criminal drug statute occurring in the workplace no later than five calendar days after such conviction;
(e) Notifying the agency, in writing, within 10 calendar days after receiving notice under this subparagraph (d)(2) from an employee or otherwise receiving actual notice of such conviction. Employers of convicted employees must provide notice, including position title, to: Director, Grants and Contracts Service, U.S. Department of Education, 400 Maryland Avenue, S.W. (Room 3124, GSA Regional Office Building No. 3), Washington, DC 20202-5140. Notice shall include the identification number(s) of each affected grant;
(f) Taking one of the following actions, within 30 calendar days of receiving notice under subparagraph (d)(2), with respect to any employee who is so convicted -
   (1) Taking appropriate personnel action against such an employee, up to and including termination, consistent with the requirements of the Rehabilitation Act of 1972, as amended; or
   (2) Requiring such employee to participate satisfactorily in a drug abuse assistance or rehabilitation program approved for such purposes by a Federal, State, or local health, law enforcement, or other appropriate agency;
(g) Making a good faith effort to continue to maintain a drug-free workplace through implementation of paragraphs (a), (b), (c), (d), (e), and (f).

### *4. Drug-Free Workplace (Grantees Who Are Individuals)*

As required by the Drug-Free Workplace Act of 1988, and implemented at 34 CFR Part 85, Subpart F, for grantees, as defined at 34 CFR Part 85, Sections 85.605, and 85.610 -

1. As a condition of the grant, the Institution certifies that it will not engage in the unlawful manufacture, distribution, dispensing, possession, or use of a controlled substance in conducting any activity with the grant; and
2. If any officer or owner of the Institution is convicted of a criminal drug offense resulting from a violation occurring during the conduct of any grant activity, the Institution will report the conviction, in writing, within 10 calendar days of the conviction, to: Director, Grants and Contracts Service, U.S. Department of Education, 400 Maryland Avenue, S.W. (Room 3124, GSA Regional Office Building No. 3), Washington, DC 20202-5140. Notice shall include the identification number(s) of each affected grant.

## PART 2  U.S. DEPARTMENT OF EDUCATION DRUG PREVENTION

## CERTIFICATION

The undersigned Institution certifies that it has adopted and implemented a drug prevention program for its students and employees that, at a minimum, includes—

1. The annual distribution in writing to each employee, and to each student who is taking one or more classes for any kind of academic credit except for continuing education units, regardless of the length of the student's program of study, of:

   - Standards of conduct that clearly prohibit, at a minimum, the unlawful possession, use, or distribution of illicit drugs and alcohol by students and employees on its property or as part of any of its activities.
   - A description of the applicable legal sanctions under local, State or Federal law for the unlawful possession or distribution of illicit drugs and alcohol.
   - A description of the health risks associated with the use of illicit drugs and the abuse of alcohol.
   - A clear statement that the Institution will impose disciplinary sanctions on students and employees (consistent with local, State and Federal law), and a description of those sanctions, up to and including expulsion or termination of employment and referral for prosecution, for violation of the standards of conduct. A disciplinary sanction may include the completion of an appropriate rehabilitation program.
   - A description of any drug or alcohol counseling, treatment, or re-entry programs that are available to employees or students.

2. A biennial review by the Institution of its program to:

   - Determine its effectiveness and implement changes to the program if they are needed.
   - Ensure that its disciplinary sanctions are consistently enforced.

## PART 3  CERTIFICATION REGARDING DEBARMENT, SUSPENSION, INELIGIBILITY, AND VOLUNTARY EXCLUSION -- LOWER TIER COVERED TRANSACTIONS

The Institution is to obtain the signatures of Lower Tier Contractors on facsimiles of the certification reproduced below, and retain in the Institution's files.

---

**CERTIFICATION BY LOWER TIER CONTRACTOR**
(Before Completing Certification, Read Instructions for This Part 3, below)

(1) The prospective lower tier participant certifies, by submission of this proposal, that neither it nor its principals are presently debarred, suspended, proposed for debarment, declared ineligible, or voluntarily excluded from participation in this transaction by any Federal Department or Agency.

(2) Where the prospective lower tier participant is unable to certify to any of the statements in this certification, such prospective participant shall attach an explanation to this proposal.

| Name of Lower Tier Organization | PR/Award Number or Project Name |

| Name of Authorized Representative | Title of Authorized Representative |

| Signature of Authorized Representative | Date |

---

1. By signing and submitting this proposal, the prospective lower tier participant is providing the certification set out below.
2. The certification in this clause is a material representation of fact upon which reliance was placed when this transaction was entered into. If it is later determined that the prospective lower tier participant knowingly rendered an erroneous certification, in addition to other remedies available to the Federal Government, the department or agency with which this transaction originated may pursue available remedies, including suspension and/or debarment.
3. The prospective lower tier participant shall provide immediate written notice to the person to which this proposal is submitted if at any time the prospective lower tier participant learns that its certification was erroneous when submitted or has become erroneous by reason of changed circumstances.
4. The terms "covered transaction," "debarred," "suspended," "ineligible," "lower tier covered transaction," "participant," "person," "primary covered transaction," "principal," "proposal," and "voluntarily excluded," as used in this clause, have the meanings set out in the Definitions and Coverage sections of rules implementing Executive Order 12549. You may contact the person to whom this proposal is submitted for assistance in obtaining a copy of those regulations.
5. The prospective lower tier participant agrees by submitting this proposal that, should the proposed covered transaction be entered into, it shall not knowingly enter into any lower tier covered transaction with a person who is debarred, suspended, declared ineligible, or voluntarily excluded from participation in this covered transaction, unless authorized by the department or agency with which this transaction originated.
6. The prospective lower tier participant further agrees by submitting this proposal that it will include the clause titled "Certification Regarding Debarment, Suspension, Ineligibility, and Voluntary Exclusion--Lower Tier Covered Transactions," without modification, in all lower tier covered transactions and in all solicitations for lower tier covered transactions.
7. A participant in a covered transaction may rely upon a certification of a prospective participant in a lower tier covered transaction that is not debarred, suspended, ineligible, or voluntarily excluded from the covered transaction, unless it knows that the certification is erroneous. A participant may decide the method and frequency by which it determines the eligibility of its principals. Each participant may, but is not required to, check the Nonprocurement List.
8. Nothing contained in the foregoing shall be construed to require establishment of a system of records in order to render in good faith the certification required by this clause. The knowledge and information of a participant is not required to exceed that which is normally possessed by a prudent person in the ordinary course of business dealings.
9. Except for transactions authorized under paragraph 5 of these instructions, if a participant in a covered transaction knowingly enters into a lower tier covered transaction with a person who is suspended, debarred, ineligible, or voluntarily excluded from participation in this transaction, in addition to other remedies available to the Federal Government, the department or agency with which this transaction originated may pursue available remedies, including suspension and/or debarment.

NOTE: The "Certification Regarding Debarment, Suspension, Ineligibility and Voluntary Exclusion--Lower Tier Covered Transactions" form is to be retained by the Institution.

## IN WITNESS WHEREOF

the parties hereto have caused this Agreement to be executed by their duly authorized representatives.

Signature of Institution's Chief Executive Officer: _Francine Hall, Ed. S._  Date: _07-09-02_

Print Name and Title: _Francine Hall, Ed.S._

_President_

For the Secretary: _Angela Sorrull_  Date: _JUL 2 6 2002_
U.S. Department of Education: