UNITED STATES BANKRUPTCY
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re:                                              Case # 05-30027
SI TANKA UNIVERSITY,                  Chapter 11
Tax Id # xx-xxx1565,

       Debtor.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SI TANKA UNIVERSITY,                  ADVERSARY # 05-_____

       Plaintiff,                                    **COMPLAINT FOR**
vs.                                                    **DECLARATORY RELIEF**

UNITED STATES DEPARTMENT
OF THE INTERIOR, BUREAU OF
INDIAN AFFAIRS,

       Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

       **COMES NOW** the Debtor, by and through its attorney of record, and prays for declaratory relief as follows:

1. Plaintiff is Debtor in possession in this Chapter 11 reorganization proceeding.

2. This action is brought under 28 U.S.C. § 2201 for declaratory relief as to interpretation of statutes. This is a case of actual controversy. Debtor has no alternative remedy better or more effective than to seek declaratory relief.

3. Debtor requests that the court determine whether Debtor is eligible for funding pursuant to the Tribally Controlled College or University Assistance Act, also known as public law 95-471. The Defendant has denied Debtor's eligibility.

4. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (O), or in the alternative a related proceeding under 28 U.S.C. § 157(a). This matter also concerns property of the estate.

5. Debtor is a tribally chartered institution of higher education chartered by and created by the Cheyenne River Sioux Tribe and chartered under tribal law on April 4, 1973. Debtor operates pursuant to tribal law.

6. Debtor has enjoyed a long standing funding relationship with Defendant in accordance with public law 95-471. To qualify for 471 funding, Debtor must comply with 25 CFR §41 and 25 U.S.C. §1801 et seq., and § 1802-1815.

7. The statutes require that:

   To be eligible for funding under the Tribally Controlled College or University Assistance Act, an institution, among other things, must be an institution of higher education, which includes meeting certain requirements about accreditation (25 U.S.C. §1801(a)(4); 25 CFR §41.3(j)(2004)); be formally controlled, formally sanctioned, or charted by the governing body of an Indian Tribe or Tribes (25 U.S.C. §1801(a)(4); 25 CFR §41.3(e)(2)(2004));  be the only such institution recognized with respect to any Tribe that formally controls, formally sanctions, or charters the institution (25 U.S.C. §1801(a)(4)); and have a majority – Indian student population, if the institution has been in operation for more than one (1) year (25 U.S.C. §1804(3); 25 CFR §41.4(c)(2004)).

8. To boil the statute down, the statute requires: accreditation; _formal_ charter or sanction by a Tribe; requires the university to be the _only_ institution recognized by the Tribe; and the Tribally recognized university must have a majority Indian student population. Debtor fully meets all these qualifications.

9. Debtor, operating at Eagle Butte, is the _only_ institution that is formally chartered or sanctioned by the Cheyenne River Sioux Tribe.

10. When a South Dakota non-profit corporation was organized to purchase the Huron campus, Debtor requested that the Cheyenne River Sioux Tribe endorse the purchase and also sanction the Huron campus. The Tribe was originally supportive but before any documents were completed, the Tribe withdrew its support and endorsement. The Tribe has never sanctioned or approved the Huron campus entity. Debtor, and its operations at Eagle Butte, is the only formally sanctioned and chartered institution of higher education allowed by the Cheyenne River Sioux Tribe.

11. To meet all four statutory requirements, Debtor's campus at Eagle Butte is accredited, sanctioned and chartered by the Tribe, is the _only_ institution recognized by the Tribe and has over 90% majority/Indian student population, even though the requirement is only 50% plus one Indian majority to be eligible.

12. In approximately August of 2004, Debtor requested that Defendant provide a waiver of 471 regulations to allow the Huron Campus to receive funding for Native American students. The Defendant took the opportunity of Debtor's request for a waiver to declare that Debtor must count all students at Eagle Butte Tribal College and all students at the state chartered Huron campus and Defendant concluded that Debtor failed to meet the fourth test of the statute, the majority/Indian student population test. Defendant refused to consider the fact that the Huron Campus was not sanctioned by the Tribe.

13. Based on Defendant's interpretation of the statute, Defendant withdrew all 471 funding. Since 471 funding is "retro funding", based on the previous year, Debtor

    lost eligibility for the 2004 - 2005 education year and would not qualify for the 2005 - 2006 education year.

14. Based on Defendant's inappropriate interpretation of these statutes and the retro funding provisions, Debtor will not be eligible to receive 471 funding until the Fall of 2006.

15. Debtor needs 471 funding to provide necessary programs at the university. The outcome of this declaratory relief request has a direct impact on Debtor's reorganization plan.

**WHEREFORE**, Debtor prays that the Court declare the interpretation of the appropriate statutes to the effect of Debtor's eligibility for 471 funding, retroactive and proceeding, and for such other and further relief as appropriate in the premises.

Dated this 8th day of July, 2005.

                              STUART, GERRY & SCHLIMGEN, PROF. LLC:

                    By: /s/ Clair R. Gerry  
                         Clair R. Gerry  
                         Attorney for Debtor  
                         507 W. 10th Street  
                         PO Box 966  
                         Sioux Falls, SD 57101-0966  
                         Telephone: (605)336-6400  
                         Fax: (605)336-6842