UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| In Re: | Case No. 05-30027<br>Chapter 11 |
| SI TANKA UNIVERSITY<br><br>Debtor. | **UNITED STATES OF AMERICA'S MOTION FOR 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS** |

COMES NOW the United States of America by and through Michelle G. Tapken, Acting United States Attorney, and Stephanie C. Bengford, Assistant United States Attorney, and moves this Court for a 2004 examination and for production of documents on the following grounds and terms:

1.   The above-named Debtor filed a voluntary Chapter 11 Bankruptcy Petition in on April 9, 2005.

2.   This Court has jurisdiction pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and the Order of General Reference, dated July 27, 1984, entered by the United States District Court, District of South Dakota.

3.   This Motion arises under Bankruptcy Rule of Procedure 2004.

4.   Under Bankruptcy Rule of Procedure 2004, the Court, on the motion of any party in interest, may order the examination of the Debtor and the production of documentary evidence at any time or place it designates, which motion may be heard *ex parte.*

5.   The movants, the United States, on behalf of the United States Department of Agriculture, Rural Housing Service; the Department of Treasury, Internal Revenue Service; and the United States Department of Education are all creditors in the above-entitled matter. Debtor alleges that RHS is not a creditor based upon its "two-entity" theory. The United States respectfully disagrees. The United States has an interest in examining Debtors as to and documents relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge" as permitted by Rule 2004.

6.   The United States needs the opportunity to examine the Debtor and select records of the Debtor to properly protect itself, including, but not limited to, issues relating to the pending motion for relief; prepare for any forthcoming adversary proceedings; prepare for matters relating to the Debtor's right to a discharge; inquire as to Debtor's ability to reorganize and confirm a Plan; and inquire as to all other matters relevant to the case.

7.   The United States desires to examine the Debtor on **August 10, 2005**, commencing at **9:30 a.m.**, at the office of the United States Attorney, 230 South Phillips Avenue, Suite 600, Sioux Falls, South Dakota; OR, 337 Federal Building, 225 South Pierre Street, Pierre, South Dakota.

8. The United States requests the Debtor to produce at the office of the United States Attorney, 230 South Phillips Avenue, Sioux Falls, South Dakota, on or before **1:00 p.m.** on **July 21, 2005**, for purposes of review and photocopying, the following described information and documents:

   a. all documentation indicating the earnings of the Eagle Butte campus and the Huron campus [the United States notes that it is referring to the Huron campus and the Eagle Butte campus instead of Debtor solely because it knows that Debtor claims that Debtor is only the Eagle Butte campus; as set forth above, the United States disagrees with this position] from April 26, 2001, to the present.

   b. all documentation regarding the current status of Debtor's accreditation and documentation regarding the accreditation of the Huron Campus and the Eagle Butte campus for school years 2002-03, 2003-04, and 2004-05.

   c. all Federal Perkins Account Ledgers for the Eagle Butte campus and the Huron campus for the 2001-02, 2002-03, 2003-04, and 2004-05 award years

   d. Federal Perkins Disbursement Rosters/Ledgers for the 2001-02, 2002-03, 2003-04 and 2004-05 award years

   e. all tax returns for the Eagle Butte campus from 2000 to the present; all tax returns for the Huron campus from 2001 to the present

   f. Federal Perkins Account bank statements for June 2004 through April 2005

   g. billing servicer statements/invoices from July 1, 2004, to date of bankruptcy filing

   h. documentation setting forth the balance of the Federal Perkins bank account as of April 9, 2005

   i. all documentation indicating how much either the institution or billing servicer collected on Perkins loans from July 1, 2004, to April 9, 2005

j.  all documentation indicating whether or not the Huron campus or the Eagle Butte campus returned any Perkins Loan Fund excess cash to the Department of Education from July 1, 2004, to April 9, 2005

k.  documentation indicating the number of students who actually participated in summer school

l.  documentation indicating how the students who participated in summer school paid for their tuition

m.  all documentation from the 2004-05 school year indicating how the Perkins cash on hand was expended

n.  copies of all the Perkins promissory notes

o.  all documents supporting Debtor's contention that Debtor's estate does not include the Huron campus

p.  all documentation supporting Debtor's contention that the property that it removed from the Huron campus was purchased by grant money and all documentation supporting Debtor's allegations that the grant money is only grant money of the Eagle Butte campus

q.  copy of all Self Study Report(s) that Debtor submitted from 2001 to the present to the Higher Learning Commission in support of its accreditation

r.  copy of all the Comprehensive Visit Report(s) that Higher Learning Commission provided regarding the Huron campus and/or the Eagle Butte campus

s.  copy of all correspondence with the Higher Learning Commission between it and Debtor, the Eagle Butte campus, or the Huron campus within the last twelve months

t.  copies of any audits performed of the Huron campus or the Eagle Butte campus from April 1, 2001, to the present

u.  assuming Debtor's two-entity position is correct, which the United States disputes, copies of all documentation explaining the interrelationship between the "two-entities"

v.    all organizational documents for the Huron campus or the Eagle Butte campus

w.    most recent financial statement, prior to Debtor filing bankruptcy, of the Huron campus and the most recent financial statement, prior to Debtor filing bankruptcy, of the Eagle Butte campus

x.    all minutes of the Board of Regents' meetings for either the Huron Campus, the Eagle Butte campus, or both the Huron and the Eagle Butte campus from April 1, 2001, to the present

y.    documentation indicating all members of the Board of Regents since April 2001

z.    all documentation indicating the inventory of the personal property at the Eagle Butte campus

aa.    provide all documentation setting forth the procedures that are to be followed before a final decision could be made involving the Huron campus or the Eagle Butte campus

bb.    provide documentation setting forth the names of all individuals who have acted as the chief financial officer since April 2001 to the present for the Eagle Butte campus and the Huron campus

cc.    provide documentation setting forth the names of all individuals who have acted as the director of financial aid since April 2001 to the present for the Eagle Butte campus and the Huron campus

dd.    provide all tribal ordinances in the Debtor's possession that mention either the Huron campus or the Eagle Butte campus and discuss the financial status of the school, financial decisions relating to the school, the budget of the school, grant money, the separate formation of the Huron campus as alleged by Debtor (which the United States disputes as set forth above), or the acquisition or merger of Huron University by Debtor.

ee.    provide all tribal minutes in the Debtor's possession that mention either the Huron campus or the Eagle Butte campus and discuss the financial status of the school, financial decisions relating to the school, the budget of the school, grant money, the separate formation of the Huron campus as

> alleged by Debtor (which the United States disputes as set forth above), or the acquisition or merger of Huron University by Debtor

ff. all documentation setting forth and/or explaining why there is a tribal charter and a state charter as alleged by Debtor and as to why Debtor claims to have a state charter and a tribal charter

gg. a copy of the Articles of Incorporation for the Eagle Butte campus and the Huron campus

hh. all documentation explaining why Debtor changed its name in February 2005 and all documentation relating to the name change

ii. copies of all monthly reports provided to the Tribal Council for either the Eagle Butte campus or the Huron campus from April 2001 to the present

jj. copies of all by-laws in effect for the Eagle Butte campus or the Huron campus from August 2000 to the present and any amendments to the by-laws from August 2000 to the present

kk. any documentation indicating that Vivian High Elk was paid any money following her termination of employment

ll. any documentation indicating that Debtor's loan with the State Bank of Eagle Butte has been extended and if so the terms of the extension or any documentation indicating that Debtor's request for an extension of its loan with the State Bank of Eagle Butte was denied

mm. all documentation relating to the Debtor's application for, receipt of and use of any grant funds from the United States Department of Education

nn. all documentation relating to the Debtor's application for eligibility and certification to participate in the federal student financial aid programs administered by the United States Department of Education

oo. all documents relating to or mentioning the merger between the Huron campus and the Eagle Butte campus

- pp. assuming Debtor's two-entity position is correct, which the United States disputes, copies of all documentation discussing the formation of the two-separate entities

- qq. copies of all documents relating to the establishment, formation, or incorporation of the Eagle Butte campus

- rr. copies of all documents from April 2001 to the present relating to the establishment, formation, or incorporation of the Huron campus

9. The foregoing date and location has been discussed and agreed upon by the attorney for the Debtor and the United States. Counsel have not discussed the deadline set for production of documents. Counsel for the United States has informed Mr. Gerry that she will need at least some of the listed documents prior to the evidentiary hearing set for July 26. Counsel have not discussed specific documents. Mr. Gerry contacted the undersigned's assistant and indicated that the he would not be available the week of July 18, 2005, or August 1, 2005. He indicated that possibly August 3 would work, and that he would be available August 10, 2005. Bruce Gering, U.S. Trustee, also contacted the undersigned's assistant via email on July 6, 2005, and indicated that if he is available on the date the exam is scheduled to take place, he would attend said exam.

WHEREFORE, the United States prays for the following:

1. An Order requiring Debtor be present themselves for a 2004 examination on **August 10, 2005**, commencing at **9:30** a.m., at the office of United States Attorney, 230 South Phillips Avenue, Suite 600, Sioux Falls, South Dakota; OR, 337 Federal Building, 225 South Pierre Street, Pierre, South Dakota, such examination to continue until adjourned by the United States.

2. An Order from the Court requiring that the above documents be produced on or before **1:00 p.m.** on **July 21, 2005**, for the purposes of inspection and or photocopying or a photocopy of the original may be provided if Debtor chooses.

3. Debtor shall provide for testimony at least the following individuals: the current President, Francine Hall; Bob Hall; the current Chief Financial Officer; and the current director of financial aid, but that the United States shall have the right to continue the 2004 exam upon a mutually agreeable date or a subsequent order from the Court if any agreement cannot be reached should testimony of the aforementioned individuals reveal the testimony of additional employees would assist in provide information obtainable pursuant to Rule 2004.

4. The time, place and terms of the examination be changed only upon mutual agreement by all parties and their attorneys or by further Order of the Court.

Date: July 12, 2005

                                                  MICHELLE G. TAPKEN
                                                  Acting United States Attorney

                                                  */s/ Stephanie C. Bengford*
                                                  Stephanie C. Bengford
                                                  Assistant U.S. Attorney
                                                  PO Box 3303
                                                  Sioux Falls, SD  57101-3303
                                                  605-330-4401, ext. 125

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 12, 2005, the foregoing UNITED STATES OF AMERICA'S MOTION FOR 2004 EXAMINATION AND PRODUCTION OF

DOCUMENTS was electronically transmitted, mailed, hand delivered or faxed to the following interested parties:

US TRUSTEE
230 SO PHILLIPS AVE STE 502
SIOUX FALLS SD 57104

BISYS PLAN SERVICES
LOCKBOX 19615
NEWARK NJ 07195-0615

JOSEPH P BARNETT
PO BOX 490
ABERDEEN SD 57402-0490

CITY CAPITAL
1255 WRIGHTS LN
WEST CHESTER PA 19380

CLAIR R. GERRY
PO BOX 966
SIOUX FALLS, SD 57101

GUNDERSON, PALMER, GOODSELL
PO BOX 8045
RAPID CITY SD 57709-8045

HURON UNIVERSITY FOUNDATION
333 SW 9TH ST
HURON SD 57350-2798

ALICE IRVINE
115 SE 4TH AVE
ABERDEEN SD 57401-4380

DANA KLEINSASSER
USDA
200 SW 4TH ST RM 210
HURON SD 57350

LAURA L. KULM ASK
PO BOX 966
SIOUX FALLS SD 57101-0966

McLEOD USA
PO BOX 88308
SIOUX FALLS SD 57108

ROBERT B McMASTER
7700 BONHOMME 7TH FL
ST LOUIS MO 63105

NORTHWESTERN COMM SOLUTIONS
125 S 1ST ST
ABERDEEN SD 57401

SI TANKA UNIVERSITY
PO BOX 220
EAGLE BUTTE SD 57625

STOCKMAN KAST RYAN & CO
102 N CASCADE STE 450
COLORADO SPRINGS CO 80903

ROGER DAMGAARD
PO BOX 5027
SIOUX FALLS SD 57117

US DEPT OF EDUCATION
400 MARYLAND AVE SW
WASHINGTON DC 20202

BRENT A. WILBUR
PO BOX 160
PIERRE, SD 57501

DAKOTA PHONES  
2529 CRUZ DR  
RAPID CITY SD 57702

AL ARENDT  
PO BOX 1077  
PIERRE SD 57501

DOUGLAS E. KLUDT  
PO BOX 176  
HURON, SD 57350

_____  
Stephanie C. Bengford