UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| In Re:<br><br>Si Tanka University,<br><br>                              Debtor. | Case No. 05-30027<br><br>Chapter 11<br><br>UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT TO CHAPTER 7 PROCEEDING |
|---|---|

      The United States Trustee hereby moves the Court for an Order dismissing or converting this case to a Chapter 7 proceeding. The grounds for this motion are cause, as required by 11 U.S.C. §1112(b). In support of his motion, the United States Trustee states:

      1. Debtor's Chapter 11 Bankruptcy was filed on April 9, 2005. By a motion to extend exclusivity period, the Debtor's exclusivity period was extended to October 14, 2005. The Debtor filed a subsequent extension motion which was withdrawn.

      2. The Debtor has failed to file its monthly operating report for December, 2005 with the United States Trustee as required by 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a) and Federal Rule of Bankruptcy Procedure 2015(a)(3). Failure to file operating reports constitutes cause for dismissal. See *In re Wilkins Investment Group, Inc.,* 171 B.R. 194, (Bankr. M.D. Pa. 1994) citing *Matter of Berryhill,* 127 B.R. 427 (Bankr. N.D. Ind. 1991; *In re McClure,* 69 B.R. 282 (Bankr. N.D. Ind. 1987); *In re Chesmid Park Corp.,* 45 B.R. 153 (Bankr. E.D. Va. 1984); and *In re Modern Office Supply, Inc.,* 28 B.R. 943, 945 (Bankr. W.D. Okl. 1983).

      3. The Debtor has failed to provide the United States Trustee with a copy of its Bank Account Reporting Form which would list all bank accounts that it had open on date of filing, and all accounts that were opened post-petition.

      4. The Debtor has failed to provide the United States Trustee with proof that all assets of the Debtor are insured, and that there is adequate liability insurance in place to protect the bankruptcy estate. Upon information and belief, the Debtor's insurance policy on its personal property expired on January 1, 2006, and the Debtor did not cure the default by January 16, 2006 as required by the policy. Failure to maintain insurance is a breach of the Debtor's fiduciary duty to protect the estate assets. *See In re Martin Custom Made Tires, Corp.,* 108 F.2d 172 (2nd

Cir.1939) (Debtor in possession has fiduciary duty to preserve assets of estate for benefit of creditors).  *See also In re Cohoes Industrial Terminal, Inc.,* 65 B.R. 918 (Bankr. S.D.N.Y. 1986)(inability to maintain adequate insurance to protect estate property is cause for dismissal or conversion).

     5.  It appears that there has been a continuing loss or diminution of the estate and that there is no reasonable likelihood of rehabilitation.  The Debtor has not paid its withholding taxes to the IRS for the first quarter of 2004 in violation of its agreement to provide adequate protection.  According to a new account in the Eagle Butte newspaper, Si Tanka University is no longer offering classes on its campus.  No new students were registered for the spring semester, and those students who were attending will be offered the opportunity to take classes through cooperating schools. The newspaper also reported that most employees are gone, and those who are left are working with minimal heat and equipment.

     6.  Once the Court determines that cause exists to dismiss or convert this case, it should consider the best interests of creditors and the estate before deciding whether to dismiss or convert the case.  *In re Mazzocone, 180 B.R. 782, 785* (E.D.Pa.1995).  According to Debtors' schedules, it has total assets of $331,214.22 and total liabilities of $5,631,999.15.  There do not appear to be any unencumbered assets that would be available for creditors in a liquidation. The United States Trustee believes that dismissal of this case would be in the best interests of the creditors and the bankruptcy estate.

     WHEREFORE, the United States Trustee moves the Court for an Order dismissing this case.  The United States Trustee further requests that the Order dismissing this case include a directive for the Debtor to file any delinquent monthly operating reports and pay any delinquent quarterly fees and for such other relief as the Court deems just and proper.

                                      HABBO G. FOKKENA
                                      UNITED STATES TRUSTEE
                                      Region 12

Dated: January 27, 2006                BY: /s/ *BRUCE J. GERING*
                                        Bruce J. Gering
                                        Assistant U.S. Trustee
                                        Suite 502 - Shriver Square
                                        230 South Phillips Avenue
                                        Sioux Falls, SD  57104-6321
                                        Phone: (605) 330-4450
                                        Fax: (605) 330-4456
                                        E-mail: Bruce.J.Gering@usdoj.gov